{¶ 29} As the split among the panel indicates, this case presents an extremely close question. Given the equivocal nature of the evidence that the trial court actually relied upon in reaching its conclusion, I choose to resolve the uncertainty in favor of an individual's right to be free from unreasonable searches and seizures under the federal and state constitutions. However, I differ slightly with the principal opinion as to which factors a court can consider in determining whether the detention was reasonable. Because the test for reasonableness is objective, see State v. Andrews (1991), 57 Ohio St.3d 86 at 87, courts may consider factors that the officer observed but which the officer discounted or neglected to mention as forming the basis for the decision to detain the appellant. Thus, the trial court and this court may consider any factor that a reasonable, prudent officer would consider even if the arresting officer did not do so, as long as those factors are apparent from the record. In this case, that includes the appellant's nervousness, even though the officer did not subjectively rely upon it. But, even considering the appellant's nervousness, I agree that those factors do not satisfy the Terry standard.
 {¶ 30} Thus, I join in the remand for consideration of the reliability of the informant's tip since it is critical to the validity of appellant's continued detention.